NO. 07-02-0136-CR


NO. 07-02-0137-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 18, 2002



______________________________




TROY WARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 99-429700 & 99-430000; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ. 

 Following a plea of not guilty in cause number 99-429700, appellant Troy Ward was
convicted by a jury of aggravated assault and punishment was assessed by the court
pursuant to a plea agreement at 20 years confinement. Appellant plead guilty to
aggravated robbery in cause number 99-430000 and punishment was assessed at 25
years confinement. Both sentences were imposed on April 14, 1999. On March 20, 2002,
appellant filed a pro se notice of appeal seeking permission of the trial court to appeal his
convictions. Based upon the rationale expressed herein, we dismiss for want of
jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. Tex. R. App. P. 25.2 & 26.2(a)(1). The Rules
of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal
if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2).
This Court is without jurisdiction to address the merits of an appeal and can take no action
other than to dismiss the appeal if an appeal is not timely perfected. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

 Appellant's sentences were imposed on April 14, 1999; thus, the deadline for filing
the notices of appeal was May 14, 1999, or 15 days thereafter if accompanied by a
compliant motion for extension of time. A notice of appeal filed approximately 34 months
after the deadline for doing so does not invoke our jurisdiction. 

 Accordingly, the purported appeals are dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice


Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. 
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).



Hidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00310-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
19, 2011

 



 

IN RE DONOVAN DUNN, RELATOR



 



 

.

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Relator
Donovan Dunn has filed a petition for writ of mandamus and motion for temporary
relief.  By his petition, relator asserts
the trial court rendered two void orders requiring he submit to drug screening.  He asks that we declare the orders void and
temporarily forbid a contempt determination by the trial court.   

            Relator
has presented no evidence of indigence, thus the filing fees for his petition
and motion were due on July 29, 2011, when the items were presented for
filing.  Tex. R. App. P. 5.  By letter of August 1, the clerk of this
court directed relator to pay the fees by August 11, on peril of dismissal for
noncompliance.  See Tex. R. App. P. 5 (court may enforce rule by an order that is
just); cf. Tex. R. App. P. 42.3(c)
(appeal may be involuntarily dismissed for failure to comply with appellate
rules, court order, or notice of the clerk requiring action within specified
time).  To date, relator has not
responded.  

Consequently, because he has failed
to comply with the appellate rules and our clerks notice requiring payment of
the fees, relators petition and motion are dismissed. Tex. R. App. P. 42.3.

 

Per Curiam