Dismissed and Opinion filed January 9, 2003













Dismissed and
Opinion filed January 9, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01229-CR and

   14-02-01302-CR

____________

 

DAMIEN MEKER
MATHEWS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________________________

 

On Appeal from
the 400th District Court

Fort Bend County, Texas

Trial Court
Cause Nos. 29,225 & 34,223

 

_______________________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            In trial court cause number 29,225,
appellant pled guilty to possession of a controlled substance and received four
years of deferred adjudication probation. 
On January
 17, 2001, the State moved for adjudication of guilt.  After pleading true to the State’s motion to
adjudicate guilt, appellant was adjudicated guilty of the offense of possession
of a controlled substance and sentenced on October 11, 2002, to 24 months in Texas Department
of Criminal Justice, State Jail Division. 
No motion for new trial was filed. 
Appellant’s notice of appeal was not filed until November 19, 2002.








            In trial court cause number 34,223, appellant
pled guilty to the offense of possession of a controlled substance and was
sentenced on October
 11, 2002, to four years’ incarceration in the Texas Department
of Criminal Justice, Institutional Division. 
No motion for new trial was filed. 
Appellant’s notice of appeal was not filed until November 19, 2002.

            A defendant’s notice of appeal must
be filed within thirty days after sentence is imposed when the defendant has
not filed a motion for new trial.  See Tex.
R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can
take no action other than to dismiss the appeal.  Id.

            Accordingly, the appeals are ordered
dismissed.

 

                                                                        PER
CURIAM

Judgment rendered and
Opinion filed January 9, 2003.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).