TREAKLE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-469-CR

LARRY JAMES TREAKLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry James Treakle attempts for the third time to appeal an August 20, 1998 judgment adjudicating his guilt for the offense of indecency with a child by contact and sentencing him to twenty years’ imprisonment.  Both of appellant’s prior appeals were dismissed for want of jurisdiction.  
Treakle v. State, 
No. 2-02-00045-CR (Fort Worth May 16, 2002, no pet.) (not designated for publication); 
Treakle v. State, 
No. 2-98-00397-CR (Tex. App.—Fort Worth Apr. 15, 1999, no pet.) (not designated for publication).  We likewise dismiss this appeal for want of jurisdiction.

In a criminal case, an appeal is perfected by the timely filing of a notice of appeal.
  See
 former
 Tex. R. App. P.
 25.2(a) (amended effective January 1, 2003)
(footnote: 2) (version in effect at time appellant’s notice of appeal was due).  To be timely, the notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days if the defendant timely files a motion for new trial.  
Tex. R. App. P.
 26.2(a).  In this case, the trial court imposed sentence on August 20, 1998.  Appellant did not file a motion for new trial; thus, his notice of appeal was due September 21, 1998.  The trial court clerk received Appellant’s third notice of appeal on October 30, 2002, more than four years after it was due and three years after we dismissed his previous appeals.

On December 2, 2002, we notified appellant of our concern that we lacked jurisdiction over the appeal due to its untimeliness and informed him that the appeal was subject to dismissal unless he filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 44.3.  Appellant filed a motion to abate the appeal as his response, but the motion does not state grounds for reinstating or continuing the appeal.

Because appellant’s third notice of appeal is untimely, we have no basis for jurisdiction over the appeal.  
See Slaton v. State, 
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  Accordingly, we deny the motion to abate and dismiss the appeal for want of jurisdiction.  

We also order that appellant shall not tender pro se any further documents complaining in any manner about trial court cause number 0571794D.  If appellant violates this order and tenders additional documents pro se, the court will not file or consider them.

PER CURIAM

PANEL D: GARDNER, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED JANUARY 30, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
December 23, 2002 Orders of the Court of Criminal Appeals of Texas and the Supreme Court of Texas regarding Final Approval of Amendments to the Texas Rules of Appellate Procedure.