Dismissed and Memorandum Opinion filed September 11, 2003









Dismissed and Memorandum Opinion filed September 11,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00901-CR

____________

 

JESSE GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 891,957

 



 

M
E M O R A N D U M   O P I N I O N

After a plea of guilty, appellant was convicted of the
offense of aggravated robbery.  On
January 27, 2003, appellant was sentenced to confinement for eight years in the
Institutional Division of the Texas Department of Criminal Justice.  No timely motion for new trial was
filed.  Appellant=s pro se notice of appeal was not
filed until June 27, 2003.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new trial.[1]  See Tex.
R. App. P. 26.2(a)(1).  A notice
of appeal which complies with the requirements of Rule 26 is essential to vest
the court of appeals with jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the
merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

Moreover, the trial court entered a certification of the
defendant=s right to appeal in which the court
certified that appellant waived his right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  The trial
court=s certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d).

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 11, 2003.

Panel consists of Chief Justice
Brister and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 











[1]  Although the
record reflects the trial court granted appellant=s motion
for an out-of-time appeal on July 30, 2003, the court was without jurisdiction
to do so.