NO. 07-03-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 30, 2003

______________________________

STEVEN EUGENE PRESLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 11,618-B; HONORABLE PATRICK A. PIRTLE, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

Appellant pled guilty to the offense of Aggravated Sexual Assault and was sentenced to 32 years confinement in the Texas Department of Criminal Justice Institutional Division.  Sentence was imposed on October 20, 1997.  On July 18, 2003, a 
pro se
 notice of appeal was filed with the trial court.  

A defendant must file a sufficient written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed if there has not been a timely motion for new trial filed with the court.  
Tex. R. App. P.
 25.2 & 26.2(a)(1), (2).  The appellate court may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice, the party files the notice of appeal with the trial court and files in the appellate court a motion to extend time to file the notice of appeal.  
Tex. R. App. P.
 26.3 & 10.5(b)(2).  If the appeal is not timely perfected, the court does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal.  
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  

As noted, appellant’s sentence was imposed on October 20, 1997.  No motion for new trial or motion for extension of time was filed, making appellant’s notice of appeal due on November 19, 1997.  Appellant’s notice of appeal was filed approximately 68 months later.  Appellant’s failure to file his notice of appeal timely prevents this court from having jurisdiction over his appeal.  

Appellant’s appeal is dismissed for want of jurisdiction.
(footnote: 1)
 James T. Campbell

                 Justice

Do not publish.  

FOOTNOTES
1:
We note that appellant’s notice of appeal states his intention to appeal to the Court of Criminal Appeals.  Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Crim. Proc. Code Ann. art. 11.07 (Vernon Supp. 2002).