NO. 07-03-0381-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 21, 2003


______________________________



HAROLD CHRISTOPHER ALANIZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 14,760-A; HON. HAL MINER, PRESIDING


_______________________________



ORDER OF DISMISSAL


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1) 

 Harold Christopher Alaniz appeals his conviction for Aggravated Assault. He pled
guilty to the offense in accordance with a plea bargain and confessed to the accusations
in the indictment. Upon determining that his plea was knowing and voluntary, the trial
court found him guilty of the offense and assessed punishment within the range
recommended by the prosecutor. As part of the bargain, appellant also waived his right
to appeal, and the trial court certified, pursuant to Texas Rule of Appellate Procedure
25.2(a)(2) and (d), that he had no right to appeal. 

 According to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure, the trial
court must certify whether or not the appellant has the right to appeal. If such a
certification has not been executed, the appeal must be dismissed. Tex. R. App. P.
25.2(d). Here, the trial court did not certify that appellant had a right to appeal; quite the
contrary, through the certification it stated that he did not. Accordingly, the appeal is
dismissed per Texas Rule of Appellate Procedure 25.2(d).


 Per Curiam




Do not publish. 












1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



file a brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). 

 Initially, appellant points out that the first "clear" notice of appeal was filed on
August 26, 2002, 61 days after the date sentence was imposed. In his discussion, he
points out the provision in Texas Rule of Appellate Procedure 26.2(a)(1) that a notice of
appeal must be filed within 30 days after the day sentence is imposed or suspended in
open court, or after the day the trial court enters an appealable order. Without a timely
filed notice of appeal, an appellate court lacks jurisdiction over the appeal. See Slanton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

 However, counsel points out there are two other "curious" documents in the clerk's
record. One of those documents is a letter to the court dated July 19, 2002, that in part
states, "I ask for a new trial . . ." and purports to be signed by appellant. The second is
dated July 25, 2001, and asks the trial court ". . . how can I appeal my case . . . ." In
considering those documents, and in pursuance of his duty as an officer of the court,
counsel points out that the signatures on those two documents are different from the
signatures on other documents contained in the clerk's file, and neither of them purports
to be signed by an attorney acting for appellant. However, in the interests of justice and
judicial economy, we will consider the first document to satisfy the requisites for a motion
for new trial. Viewed in that light, a notice of appeal filed within 90 days after the date
sentence was imposed would be timely. See Tex. R. App. P. 26.2(a)(2). Because the
notice of appeal was filed within that 90-day period, we will consider it as timely filed.

 In his brief, appellant sets out three points of discussion. In the first, he mentions
the possibility that a notice of appeal was not timely filed. We have dealt with that
question above and will not discuss it further. In the second point, he certifies that he has
reviewed the original plea of guilty and, after examination, concludes that the record shows
that the guilty plea and the waiver of specific constitutional and statutory rights was
properly explained. He also certifies that the record shows that appellant was properly
warned of the consequences of community supervision (probation) and the fact that if
those conditions were violated, there was no right to appeal the decision to proceed with
an adjudication of guilt.

 In his brief, counsel certifies that he examined the record of the adjudication
proceedings and finds that, based upon the evidence adduced at those proceedings, the
trial court did not abuse its discretion in arriving at the adjudication of guilt. He also states
that the record shows the trial court properly proceeded to a sentencing hearing and the
record does not show the trial court abused its discretion in the sentence assessed. In his
third point and in argument under that point, counsel also certifies that he examined the
record to see if appellant was not rendered the effective assistance of counsel, but he
finds it demonstrates that appellant was afforded effective assistance at all proceedings.

 We have also made an independent examination of the record to determine if there
are any arguable grounds that might support the appeal. See Penson v. Ohio, 88 U.S. 75,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). We have found no such grounds and agree with counsel that the
appeal is without merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App.
1974).

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).