Dismissed and Memorandum Opinion filed October 30, 2003









Dismissed and Memorandum Opinion filed October 30,
2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00902-CR

____________

 

OWUSU YAW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
262nd District Court

Harris County, Texas

Trial Court Cause No. 952,152

 



 

M E M O R A N D U M  
O P I N I O N

On June 30, 2003, appellant entered a guilty plea to the
offense of sexual assault of a child.  In
accordance with the terms of a plea bargain agreement with the State, the trial
court entered an order deferring adjudication of guilt, placing appellant on
community supervision for 6 years, and imposing a fine of $500.00.  Appellant filed a motion for new trial on
August 12, 2003.  Also on August 12,
2003, appellant filed a pro se notice of appeal.  We have no jurisdiction over this
appeal.  Additionally, appellant has no
right to appeal.  For these reasons, we
dismiss.  








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a timely motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  To be timely, a
motion for new trial must be filed within 30 days after the trial court imposes
sentence.  Tex. R. App. P. 21.4(a).  

In this case, appellant filed his motion for new trial after
the 30-day deadline, and moreover, the deadline for filing the notice of appeal
was not extended.  The notice of appeal
was filed more than thirty days after sentence was imposed.  Thus, neither the motion for new trial nor
the notice of appeal was timely filed.

A notice of appeal which complies with the requirements of
Rule 26 is essential to vest the court of appeals with jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court
of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can
take no action other than to dismiss the appeal.  Id.

In addition, the trial court entered a certification of the
defendant=s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court=s certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d).

Accordingly, we dismiss the appeal.  

 

 

PER CURIAM

 

Judgment rendered and Opinion
filed October 30, 2003.

Panel consists of Justices Yates,
Hudson, and Fowler.

Do Not Publish C Tex. R. App. P. 47.2(b).