lee, elmer edward v. state 




 NO. 12-03-00353-CR


NO. 12-03-00354-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MICHAEL RAY TIMMONS,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 These appeals are being dismissed for want of jurisdiction. Appellant was convicted of
harassment in trial court cause number 001-84155-01 (appellate cause number 12-03-00353-CR),
and sentence was imposed on September 13, 2001. In the second cause, trial court cause number
001-85727-02 (appellate cause number 12-03-00354-CR), Appellant was convicted of theft by
check. Sentence was imposed in that cause on January 6, 2003. Texas Rule of Appellate Procedure
26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.
Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court. Id. Appellant did not file a motion for
new trial. Therefore, his notice of appeal was due to have been filed on or before October 15, 2001
in appellate cause number 12-03-00353-CR and on or before February 5, 2003 in appellate cause
number 12-03-00354-CR. However, Appellant did not file his notice of appeal in either cause until
September 10, 2003. Moreover, Appellant did not file a timely motion for extension of time to file
either notice of appeal as authorized by Tex. R. App. P. 26.3. 

 On October 24, 2003, this court notified Appellant pursuant to Rule 26.2 and 37.2, that the
clerk's record did not show the jurisdiction of this court, and it gave him until November 10, 2003
to correct the defect. To date, Appellant has failed to respond to our notice or otherwise show the
jurisdiction of this court. Because this court has no authority to allow the late filing of a notice of
appeal except as provided by Rule 26.3, the appeals must be dismissed. See Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998). 

 The appeals are dismissed for want of jurisdiction.

Opinion delivered November 13, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)