lee, elmer edward v. state 




 NO. 12-04-00022-CR


NO. 12-04-00023-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CURTIS RAY HOOPER,
§
 APPEAL FROM THE 273RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 These appeals are being dismissed for want of jurisdiction. Appellant was convicted of the
offenses of retaliation (Appellate Cause No. 12-04-00022-CR) and burglary of a habitation
(Appellate Cause No. 12-04-00023-CR). On January 31, 2003, punishment for the retaliation
conviction was assessed at five years of imprisonment. On February 7, 2003, punishment for the
burglary conviction was assessed at five years of imprisonment. Texas Rule of Appellate Procedure
26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new trial is timely filed.
Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court. Id. Because Appellant did not timely file
a motion for new trial, his notices of appeal were due to have been filed on or before March 3 and
March 9, 2003, respectively. However, Appellant did not file his notice of appeal until January 22,
2004. Moreover, Appellant did not file a timely motion for extension of time to file his notice of
appeal as authorized by Tex. R. App. P. 26.3. 

 On January 27, 2004, this court notified Appellant pursuant to Rules 26.2 and 37.2, that the
clerk's record did not show the jurisdiction of this court, and it gave him until February 6, 2004 to
correct the defect. The deadline for responding to this court's notice has now passed, and Appellant
has not responded to the notice or otherwise demonstrated the jurisdiction of this court. Because this
court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3,
the appeal must be dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 

 The appeal is dismissed for want of jurisdiction. 

Opinion delivered February 11, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



























(DO NOT PUBLISH)