Dismissed and Memorandum Opinion filed March 3, 2005









Dismissed and Memorandum Opinion filed March 3, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00172-CR

NO.
14-05-00173-CR

____________

 

RONALD DWAYNE
WHITFIELD a/k/a RONALD DWAYNE WHITEFIELD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District
Court

Harris County, Texas

Trial Court Cause Nos. 617,718
& 557,164 

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a guilty plea to the offense of burglary of
a motor vehicle with intent to commit theft in cause number 557,164. In
accordance with the terms of a plea bargain agreement with the State, the trial
court sentenced appellant on March 5,1990, to confinement for seven years in
the Texas Department of Corrections, now known as the Institutional Division of
the Texas Department of Criminal Justice.[1]  After a jury trial in cause number 617,718,
appellant was convicted of the offense of burglary of a building with intent to
commit theft, enhanced by two prior felony convictions.  On June 5, 1992, appellant was sentenced to
confinement in the Texas Department of Corrections, now known as the
Institutional Division of the Texas Department of Criminal Justice, for
thirty-five years.  No timely notices of
appeals were filed.  Appellant did not
file his pro se notice of appeal of these convictions until December 30,
2004.  Our record does not reflect that
the Court of Criminal Appeals granted appellant leave to file out-of-time
appeals.

A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed March 3, 2005.

Panel consists of Chief Justice
Hedges and Justices Fowler and Frost. 

Do Not Publish C Tex. R. App.
P. 47.2(b).

 











[1]  The judgment
in this case names appellant as ARonald
Dwayne Whitefield.@