Dismissed and Memorandum Opinion filed June 2, 2005









Dismissed and Memorandum Opinion filed June 2, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00502-CR

____________

 

LATISHA DARLENE BUHLER,
Appellant

 

V.

 

THE STATE OF
TEXAS, Appellee

 



 

On Appeal from the
337th District Court

Harris County, Texas

Trial Court Cause No. 954,666

 



 

M E M O R A N D U M   O P I N I O N








After a plea of guilty, appellant was placed on deferred
adjudication community service for a period of ten years and was assessed a
fine of $500.00.  The order deferring
adjudication of guilt was signed August 25, 2003.  In December 2003, the State moved to
adjudicate, but this motion was dismissed at the State=s request on December 15, 2003.  On April 4, 2005, the trial court signed a
document entitled, A1st Amended Conditions of Community Supervision,@ which added a new substance abuse
felony punishment facility and amended dates on fees, community service
restitution hours, and GED participation. 
No timely motion for new trial was filed.  Appellant=s notice of appeal was not filed
until May 5, 2005.

A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which complies with the
requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
If an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
Id.  

Additionally, an order amending the conditions of community
supervision is not separately appealable. 
Generally, an appellate court only has jurisdiction to consider an
appeal by a criminal defendant where there has been a final judgment of
conviction.  Workman v. State, 170
Tex.Crim. 621, 343 S.W.2d 446, 447 (1961). 
We have located no authority permitting an appeal from an order amending
conditions of community supervision.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

Judgment rendered and Memorandum
Opinion filed June 2, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).