**Wallace Chappell SLATON, Appellant,**

v.

**The STATE of Texas.**

**No. 475–98**

Court of Criminal Appeals of Texas.

Dec. 9, 1998.

---

Stephen Neil Lee, Belton, for appellant.

James T. Russell, Asst. Dist. Atty., Belton, Matthew Paul, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

A jury convicted Appellant of murder and assessed his punishment at confinement for fifteen years. The Court of Appeals dismissed Appellant's appeal because his notice of appeal was not timely filed. *Slaton v. State*, No. 03–97–0838–CR, 1998 WL 77964 (Tex.App.—Austin, delivered February 26, 1998). The Court of Appeals followed this Court's holding in *Olivo v. State*, 918 S.W.2d 519 (Tex.Crim.App.1996), which held that courts of appeals may not suspend the rules pursuant to Tex.R.App. P. 2 to extend the time limit for filing notice of appeal. Appellant contends *Olivo* is no longer controlling because it construed the former version of Rule 2.[1] He points out that this Court revised the Texas Rules of Appellate Procedure, effective September 1, 1997. See Final Approval of Revisions to the Texas Rules of Appellate Procedure, 948–949 S.W.2d (Texas Cases) XLII (Aug. 15, 1997). He argues the amended Rule 2[2] dictates a different result. We granted review to address the recent changes to Rule 2.

In *Olivo*, this Court held that a timely filed notice of appeal vests the courts of appeals with jurisdiction. *Olivo*, 918 S.W.2d at 522. Without a timely filed notice of appeal, a court of appeals lacks jurisdiction over the appeal, and therefore, lacks the power to invoke Rule 2(b) in an effort to obtain jurisdiction of the case. *Id.* at 523.

Appellant argues the amendment to Rule 2 overruled *Olivo*, because of the added language, "[but a court must not construe this rule] .... to alter the time for perfecting appeal in a civil case."[3] He submits that

---

1. The former Rule 2 provided:
   (a) **Relationship to Jurisdiction.** These rules shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law.
   (b) **Suspension of Rule in Criminal Matters.** Except as otherwise provided in these rules, in the interest of expediting a decision or for other good cause shown, a court of appeals or the Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.

2. The current version of Tex.R.App. P. 2 provides:

   On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure *or to alter the time for perfecting an appeal in a civil case.* (emphasis added).

3. The Court of Appeals also expressed the opinion that this language "overruled" *Olivo*, citing its own opinion in *Williams v. State*, 957 S.W.2d 949 (Tex.App.—Austin 1997, no pet.). *Slaton*, No. 03–97–0838–CR, slip op. at 2. *Williams* followed *Olivo*, but questioned its viability in light of the new rule. It also questioned why an untimely notice of appeal invoked a court of appeals' jurisdiction to determine jurisdiction, yet did not invoke jurisdiction to suspend the rules to alter the time for perfecting appeal. As the State correctly points out in its brief, only a

under the amended rule, the only restriction on altering the time for perfecting appeal is in civil cases. Therefore, he argues, the time limits may be suspended for perfecting appeal in criminal cases. Appellant suggests that when this Court and the Supreme Court added the restriction on civil cases, by omitting reference to criminal cases, we intended that they be unrestricted. Appellant fails to take into account factors more indicative of the drafter's intent which lead to the opposite conclusion. The caselaw interpreting the former version of the rule, the context in which the new language was added, and the Notes and Comments on the rule demonstrate that the new language was intended to be consistent with, not overrule, *Olivo*.

First, we examine the caselaw interpreting the former version of Rule 2. Appellant argues that the amendment to Rule 2 changed *Olivo*; however, *Olivo* did not rely on the language of Rule 2 to hold that an appellate court could not suspend the rules to alter the time for perfecting appeal. Rather, it relied on caselaw holding that a timely filed notice of appeal was essential to vest jurisdiction, and it reasoned that without jurisdiction over the case, a court could not use one procedural rule to suspend another. *Olivo*, 918 S.W.2d at 523. The Court explained, "The Rules of Appellate Procedure do not establish courts of appeals' jurisdiction; they provide procedures which must be followed by litigants to invoke the jurisdiction of the courts of appeals so that a particular appeal may be heard." *Id.*

■ Second, the context in which the rule was amended is illustrative. The former version of Rule 2 applied only to criminal cases. The new Rule 2 extended to the courts of appeals the power to suspend the rules in civil cases. See Tex.R.App. P. 2, Notes and Comments. Along with granting that power, the Rule placed limitations on it; it cannot be used to extend the time for perfecting appeal in civil cases, which is consistent with the manner in which this Court has applied Rule

2 in criminal cases. We acknowledge the new language might suggest the opposite application in criminal cases when considered out of context. However, the extension of Rule 2 to civil cases in no way impacts and was not intended to impact the way it applies in criminal cases.

Finally, the comment to the 1997 change to Rule 2 demonstrates the intent of the drafters. While the Notes and Comments are not part of the rules themselves, See Final Approval of Revisions to the Texas Rules of Appellate Procedure, they reveal the effect the drafters believed the changes would have. The comment to Rule 2 states, "Former subdivision (a) regarding appellate court jurisdiction is deleted. The power to suspend rules is extended to civil cases. Other nonsubstantive changes are made." The deletion of Subdivision (a) has no impact, because *Olivo* specifically held it was not relevant to this issue. *Olivo*, 918 S.W.2d at 523. As we have explained, the extension of the rule to civil cases does not affect its applicability in criminal cases. The only remaining comment on the changes is that they are "nonsubstantive," which demonstrates they were not intended to overrule *Olivo*.

■ The above factors demonstrate that the rationale in *Olivo* is still valid. A notice of appeal which complies with the requirements of Tex.R.App. P. 26 is essential to vest the court of appeals with jurisdiction. If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* at 523.

The Court of Appeals correctly held it was without jurisdiction to consider the appeal in this case.[4] Accordingly, its judgment dismissing the appeal is affirmed.

*timely* notice of appeal invokes a court of appeals' jurisdiction. The "jurisdiction" to determine jurisdiction is the inherent authority of a court to decide whether documents filed with it invoke its jurisdiction. This differs from a

court's jurisdiction to dispose of a case on the merits.

**4.** Since the Court of Appeals did not have jurisdiction over the case in order to suspend the

rules, we need not address Appellant's claim that good cause existed to suspend the rules.