NO. 07-02-0136-CR

NO.  07-02-0137-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 18, 2002

______________________________

TROY WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 99-429700 & 99-430000; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ. 

Following a plea of not guilty in cause number 99-429700, appellant Troy Ward was convicted by a jury of aggravated assault and punishment was assessed by the court pursuant to a plea agreement at 20 years confinement.  Appellant plead guilty to aggravated robbery in cause number 99-430000 and punishment was assessed at 25 years confinement.  Both sentences were imposed on April 14, 1999.  On March 20, 2002, appellant filed a 
pro se
 notice of appeal seeking permission of the trial court to appeal his convictions.  Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed.  Tex. R. App. P. 25.2 & 26.2(a)(1).  The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if an appeal is not timely perfected.  
See
 Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant’s sentences were imposed on April 14, 1999; thus, the deadline for filing the notices of appeal was May 14, 1999, or 15 days thereafter if accompanied by a compliant motion for extension of time.  A notice of appeal filed approximately 34 months after the deadline for doing so does not invoke our jurisdiction.  

Accordingly, the purported appeals are dismissed for want of jurisdiction.
(footnote: 1)
 Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).