lee, elmer edward v. state 




 NO. 12-02-00158-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DAVID CARTER MCCOY,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 3 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







MEMORANDUM OPINION (1)


 David Carter McCoy ("Appellant") was convicted of the offense of failure to appear. He was
sentenced on January 23, 2002 and fined $150.00. Thereafter, Appellant timely filed a motion for
new trial, which was denied. Appellant filed his notice of appeal on June 4, 2002 and also filed a
motion to extend the time for filing his notice of appeal, which was file-marked by the clerk of this
court on June 10, 2002. We concluded that Appellant's notice of appeal was due to have been filed
on or before May 23, 2002 and determined that although Appellant's notice of appeal was timely
filed, his motion to extend time was not. Therefore, we dismissed his appeal in an unpublished
opinion dated June 18, 2002. McCoy v. State, No. 12-01-00158-CR (Tex. App.- Tyler June 18,
2002, no pet. h.).

 On July 5, Appellant filed a motion for rehearing, in which he stated that his motion to
extend time was hand-delivered to the United States Postal Service on June 7, 2002 and was
therefore timely because June 7 was the last day on which his motion could be filed. We have
examined the materials submitted along with Appellant's motion for rehearing and determine that
Appellant correctly states the date on which his motion to extend time was delivered to the United
States Postal Service. However, we deny his motion for rehearing for the reasons set forth below.

 Rule 26.2(a)(1) provides that an appeal is perfected when notice of appeal is filed within
thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial
is timely filed. (2) Where a timely motion for new trial has been filed, notice of appeal must be filed
within ninety days after sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2).
Because Appellant timely filed a motion for new trial, we calculate the date his notice of appeal was
due by beginning with the date of his sentencing, which was January 23, 2002. In our opinion of
June 18, we stated that Appellant's notice of appeal was due on or before May 23, 2002. However,
that date is 120 days after the date of Appellant's sentencing and is therefore in error. Because
Appellant was sentenced on January 23, 2002, his notice of appeal was due on or before April 23,
2002, which is ninety days after sentencing. 

 Rule 26.3 provides that an appellate court may extend the time to file a notice of appeal if,
within fifteen days after the deadline for filing the notice of appeal, the party files a notice of appeal
and a motion to extend the time for filing the notice. Thus, Appellant's notice of appeal and motion
to extend time must have been filed on or before May 8, 2002. Because Appellant's notice of appeal
and motion to dismiss were filed on June 4 and June 7, respectively, both were untimely. Without
a timely written notice of appeal or a proper request for an extension of time, we can take no action
other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Therefore, our original disposition was correct, and Appellant's motion for rehearing is denied.

Opinion delivered July 24, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)


 

1. See Tex. R. App. P. 47.1.
2. All further rule references will be to the current edition of the Texas Rules of Appellate Procedure unless
otherwise specified.