lee, elmer edward v. state 




 NO. 12-02-00242-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




STEVEN L. RICHEY,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS







MEMORANDUM OPINION (1)


 This appeal is being dismissed for want of jurisdiction. On June 25, 2002, Appellant pleaded
guilty to felony possession of a controlled substance, and, because Appellant's indictment was
enhanced by prior felony convictions. Punishment was assessed at thirty years of confinement. Rule
26.3 of the Texas Rules of Appellate Procedure provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless
a motion for new trial is timely filed. Appellant did not file a motion for new trial, and his notice
of appeal was due on July 25, 2002. However, Appellant did not file his notice of appeal until
August 28, 2002. 

 On August 30, 2002, this court notified Appellant pursuant to Rules 26.2 and 37.2 that the
clerk's record did not show the jurisdiction of this court, and it gave him until September 9, 2002
to correct the defect. In response, Appellant filed a motion to extend time to establish jurisdiction
and a motion to file an out of time appeal, which is, in substance, a request to extend the time for
filing his notice of appeal. However, Appellant failed to demonstrate the jurisdiction of this court
as requested.

 Rule 26.3 provides that a motion for extension of time to file a notice of appeal must be filed
within fifteen days after the deadline for filing the notice of appeal. Because Appellant's notice of
appeal was due on July 25, 2002, Appellant was required to file his motion for extension of time not
later than August 9, 2002. Because this court has no authority to allow the late filing of a notice of
appeal except as provided by Rule 26.3, the appeal must be dismissed. See Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998). 

 Appellant's motion to extend time to establish jurisdiction and motion to file out of time
appeal are overruled. The appeal is dismissed for want of jurisdiction. 


Opinion delivered September 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


 
















 





(DO NOT PUBLISH)



1. See Tex. R. App. P. 47.1.