Dismissed and Opinion filed October 17, 2002









Dismissed and Opinion filed October 17, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01043-CR;

         
14-02-01044-CR;

         
14-02-01045-CR;

         
14-02-01046-CR;

        
14-02-01047-CR

____________

 

JOHNATHAN CHRISTOPER MASSEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 337th District Court

Harris County, Texas

Trial
Court Cause Nos. 94-21991; 94-21992; 94-25062; 94-25063 &
94-25065

 



 

M E M O R A N D U M  O P I N I O N








After a guilty plea, appellant was convicted of three counts
of indecency with a child, for which he was sentenced on February 9, 1995, in
each cause to 20 years= incarceration in the Texas Department of Criminal Justice,
Institutional Division (TDCJ-ID).  Also
on February 9, 1995, appellant was convicted in accordance with guilty pleas of
two counts of aggravated sexual assault of a child and was sentenced in each
cause to 30 years= incarceration in TDCJ-ID. 
No formal motion for new trial was filed; however, appellant sent a
letter to the trial judge, filed on January 26, 1996, complaining of his
sentence in all five causes.  Even if
this letter were construed to be a motion for new trial, it was not timely
filed.  Appellant=s pro se notice of appeal of all five
causes was not filed until July 18, 2002.

A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a timely motion for new
trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of
appeal which complies with the requirements of Rule 26 is essential to vest the
court of appeals with jurisdiction.  See
Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  If
an appeal is not timely perfected, a court of appeals does not obtain
jurisdiction to address the merits of the appeal.  Under those circumstances it can take no
action other than to dismiss the appeal. 
See id.

Accordingly, the appeals are ordered dismissed.

 

PER CURIAM

Judgment rendered and Opinion
filed October 17, 2002.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).