NO. 07-03-0371-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 15, 2003

_____

ALBERTO RENE PACHECO AKA ALBERTO ANTONIO SAUCEDO
AKA ALBERTO PACHECO AKA ALBERTO PACHECO SOLIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,881-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant was convicted by a jury of delivery of a controlled substance, enhanced, and punishment was assessed at 90 years confinement.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Proceeding *pro se*, appellant filed a notice of appeal in which he indicated he is indigent and requested appointment of counsel. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

Appellant's sentence was imposed on December 11, 2001. His notice of appeal bears a file stamp date from the trial court clerk of May 14, 2003. A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Texas Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3. This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if it is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998). Appellant's notice filed approximately 17 months after sentence was imposed is untimely and does not invoke our jurisdiction.[2]

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.

---

[2]The conviction appealed from was previously affirmed by this Court in an unpublished opinion on December 17, 2002, in Cause Number 07-02-0076-CR.

2