lee, elmer edward v. state 




 NO. 12-03-00419-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




RONNIE DOYLE GILBERT,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






 MEMORANDUM OPINION


PER CURIAM


 This appeal is being dismissed for want of jurisdiction. Appellant was convicted of the
offense of aggravated sexual assault of a child, and sentence was imposed on August 18, 2003. 
Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal
is filed within thirty days after the day sentence is imposed or suspended in open court unless a
motion for new trial is timely filed. Where a timely motion for new trial has been filed, notice of
appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. 
Id. A motion for new trial is timely if filed no later than thirty days after the date sentence is
imposed in open court. Tex. R. App. P. 21.4(a). On November 21, 2003, Appellant filed a motion
for new trial. Because Appellant's motion for new trial was not filed within thirty days after the date
sentence was imposed, i.e., on or before September 17, 2003, Appellant's motion was untimely and
the time for filing his notice of appeal was not extended. See Tex. R. App. P. 26.2(a)(2). Therefore,
Appellant was required to file his notice of appeal on or before September 17, 2003. Appellant did
not file his notice of appeal until September 26, 2003. Moreover, Appellant did not file a timely
motion for extension of time to file his notice of appeal as authorized by Tex. R. App. P. 26.3. 



 On December 10, 2003, this court notified Appellant pursuant to Rule 26.2 and 37.2, that the
clerk's record did not show the jurisdiction of this court, and further notified him that the appeal
would be dismissed unless on or before December 22, 2003, the information received in this appeal
is amended to correct the defect. As of December 23, 2003, Appellant has neither responded to our
notice or otherwise demonstrated the jurisdiction of this court. Because this court has no authority
to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be
dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 

 The appeal is dismissed for want of jurisdiction. 

Opinion delivered December 23, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.












(DO NOT PUBLISH)