NO. 12-04-00096-CR
NO. 12-04-00097-CR
NO. 12-04-00098-CR
NO. 12-04-00099-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

MICHAEL RAY TIMMONS,                            §     APPEAL FROM THE 
APPELLANT

V.                                                                         §     COUNTY COURT AT LAW OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS


 
MICHAEL RAY TIMMONS,                            §     APPEAL FROM THE
APPELLANT
 
V.                                                                         §     COUNTY COURT AT LAW NO. 2 OF

THE STATE OF TEXAS, 
APPELLEE                                                        §     SMITH COUNTY, TEXAS


 
MICHAEL RAY TIMMONS,                            §     APPEAL FROM THE 
APPELLANT
 
V.                                                                         §     COUNTY COURT AT LAW NO. 3 OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            These appeals are being dismissed for want of jurisdiction. Appellant previously attempted
an appeal in trial court cause numbers 001-84155-01 and 001-85727-02. Because Appellant’s
notices of appeal were untimely, we dismissed the appeals for want of jurisdiction. Timmons v.
State, No. 12-03-00353-CR, 12-03-00354-CR, 2003 WL 22681565 (Tex. App.–Tyler Nov. 13, 2003,
no pet.) (not designated for publication). On April 1, 2004, Appellant filed another notice of appeal
in these trial court cause numbers (appellate cause numbers 12-04-00096-CR and 12-04-00097-CR). 
            Sentence was imposed in trial court cause number 003-81121-02 on June 6, 2002. In trial
court cause number 002-81072-03, sentence was imposed on April 28, 2003. Appellant’s April 1
notice of appeal referenced these two trial court cause numbers (appellate cause numbers 12-04-00098-CR and 12-04-00099-CR) in addition to the two previously appealed (and dismissed) causes. 
On April 19, 2004, Appellant filed a motion for new trial and a “notice of out-of-time appeal” in all
four causes referenced in his April 1 notice of appeal.
            An appeal is perfected when a notice of appeal is filed within thirty days after the day
sentence is imposed or suspended in open court unless a motion for new trial is timely filed. Tex.
R. App. P. 26.2(a)(1). To be timely, a motion for new trial must be filed before, but no later than
thirty days after, the date when the trial court imposes or suspends sentence in open court. Tex. R.
App. P. 21.4(a). A motion for new trial is a matter for the trial court. See Tex. R. App. P. 21.6. 
Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days
after the sentenced is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). Appellant
did not file a motion for new trial in any of the appealed causes within the time prescribed by Texas
Rule of Appellate Procedure 21.4(a). Therefore, his notices of appeal were due to be filed within
thirty days after the date sentence was imposed.
            As we have previously determined, Appellant’s notices of appeal in trial court cause numbers 
001-84155-01 and 001-85727-02 were untimely filed. The deadline to file a notice of appeal may
be extended if, within fifteen days after the deadline for filing the notice of appeal, the party files a
notice of appeal in the trial court and files a motion for extension of time in the appellate court. Tex.
R. App. P. 26.3. Appellant did not follow this procedure. Therefore, we again hold that his notices
of appeal in trial court cause numbers 001-84155-01 and 001-85727-02 (appellate cause numbers
12-04-00096-CR and 12-04-00097-CR) were untimely filed. In trial court cause numbers 003-81121-02 and 002-81072-03, Appellant’s notices of appeal were due on or before July 8, 2002 and
May 28, 2003, respectively. Neither notice was filed until April 1, 2004, and no timely motion for
extension of time was filed as permitted by Rule 26.3. Consequently, these notices of appeal
(appellate cause numbers 12-04-00098-CR and 12-04-00099-CR) were also untimely.



            This Court has no authority to allow the late filing of a notice of appeal except as provided
by Rule 26.3. See Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Furthermore, we
have no authority to grant out-of-time appeals. See Tex. Code Crim. Proc. Ann. arts. 11.05
(Vernon 1977), 11.07 (Vernon Supp. 2004). Consequently, the appeals are dismissed for want of
jurisdiction.
Opinion delivered April 21, 2004.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating. 
 


















(DO NOT PUBLISH)