NO. 07-04-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2004

_____


TOMMY HEATH, JR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,316-D; HONORABLE DON EMERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Following the trial court's order of revocation of community supervision and reformation of sentence, on October 14, 2003, appellant Tommy Heath, Jr. was sentenced to nine years confinement for robbery. Appellant timely filed a motion for new trial.

However, his notice of appeal was not filed until May 24, 2004. We dismiss for want of jurisdiction.

When a timely motion for new trial is filed, a notice of appeal is due to be filed with the trial court clerk within 90 days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(2). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice if it is accompanied by a motion for extension of time. *See* Tex. R. App. P. 26.3. This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss an appeal without a timely filed notice of appeal. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentence was imposed on October 14, 2003, and following his timely motion for new trial, the deadline in which to file his notice of appeal was extended to January 12, 2004. The notice filed on May 24, 2004, is beyond the deadline, including the 15-day extension period, and thus, does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]

Don H. Reavis
Justice

Do not publish.

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004).