NO. 07-04-0347-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 28, 2004



______________________________




IN THE MATTER OF TONY GIBBS



_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-760,757; HONORABLE MARK C. HALL, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER OF ABATEMENT AND REMAND


 Appellant Tony Gibbs, Jr., has given notice of appeal from a judgment that he
engaged in delinquent conduct. The appellate court clerk received and filed the trial court
clerk's record on August 16, 2004, and received and filed the trial court reporter's record
on August 17, 2004. 

 Appellant has timely filed a notice of appeal, and the trial court has certified that
appellant has the right of appeal. Further, the trial court has found appellant indigent and
appointed appellate counsel. Appellant's brief was due on September 16, 2004. On
September 27, 2004, this court sent notice to appellant's counsel that the brief had not
been filed. This notice further directed that appellant file a response by October 7, 2004,
reasonably explaining the failure to file a brief. Tex. R. App. P. 38.8. Appellant has not
responded to the notice. 

 Accordingly, we abate the appeal and remand the cause to the trial court. Tex. R.
App. P. 38.8(a)(2). Upon remand, the judge of the trial court is directed to immediately
cause notice to be given of and to conduct a hearing to determine: (1) whether appellant
desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether
appointed counsel for appellant has abandoned the appeal; (3) if appellant desires to
prosecute this appeal, whether appellant's present counsel should be replaced; and (4)
what orders, if any, should be entered to assure the filing of appropriate notices and
documentation to dismiss appellant's appeal if appellant does not desire to prosecute this
appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be
diligently pursued. If the trial court determines that the present attorney for appellant
should be replaced, the court should cause the clerk of this court to be furnished the name,
address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a supplemental reporter's record; (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the supplemental reporter's record; and (5) cause the
records of the proceedings to be sent to this court. In the absence of a request for
extension of time from the trial court, the supplemental clerk's record, supplemental
reporter's record, and any additional proceeding records, including any orders, findings
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than November 24, 2004. 

 Per Curiam




is court's August 6 letter indicates, though, that appellant's notice
of appeal was filed with the trial court clerk by mail. 

 Because the notice of appeal was untimely, we have no jurisdiction to take any
action in this appeal but to dismiss it. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App.
1998); see Olivo, 918 S.W.2d at 522. Appellant may have a remedy by filing a
post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for
consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2003).


 The appeal is dismissed for want of jurisdiction. Rule 43.2. 


 James T. Campbell

 Justice




Do not publish.




1. All references to rules are to the Texas Rules of Appellate Procedure.
2. April 21 is a legal holiday under Sections 662.003(b)(3) and 662.021 of the
Government Code. (Vernon 1994 & Supp. 2003).