NO. 07-05-0208-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 22, 2005



______________________________




CURTIS BERNARD ROBBINS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,315-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, a jury convicted appellant Curtis Bernard Robbins of
improper photography or visual recording and assessed punishment at two years in a state
jail facility. Tex. Pen. Code Ann. § 21.15(b) (Vernon 2003). Sentence was imposed on
March 9, 2005, and no motion for new trial was filed. On June 7, 2005, appellant filed a
notice of appeal challenging his conviction. We dismiss for want of jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules
of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal
if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2).
This Court is without jurisdiction to address the merits of an appeal and can take no action
other than to dismiss if an appeal is not timely perfected. See Slaton v. State, 981 S.W.2d
208, 210 (Tex.Cr.App. 1998).

 Appellant's sentence was imposed on March 9, 2005; thus, the deadline for filing the
notice of appeal was April 8, 2005, or 15 days thereafter if accompanied by a compliant
motion for extension of time. The notice of appeal filed on June 7, 2005, is untimely and
does not invoke our jurisdiction.

 Accordingly, the purported appeal is dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice


Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).



ned, a statement of points on which the party intends to appeal. §
263.405(b). The statement of points may be filed separately or it may be combined with
a motion for new trial. Id. An appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of points. § 236.405(i). 

 The order being appealed in this case is a final order rendered under subchapter
E of chapter 263 of the Texas Family Code; therefore, Natasha and Timothy were required
to file a statement of points. The failure to timely file a statement of points does not
deprive this Court of jurisdiction over the appeal; however, it is a procedural prerequisite
to the appellate court's authority to consider any issue presented. See § 263.405(i). See
also In re R.C., 243 S.W.3d 674, 675-76 (Tex.App.-Amarillo April 25, 2007, no pet.). 


Procedural Background


 The Department filed its First Amended Petition seeking, among other relief,
termination of Natasha and Timothy's parental rights to their child. Following a hearing on
March 19, 2007, the trial court advised the parents of its intention to terminate their
parental rights. On March 23, 2007, and March 26, 2007, the trial court appointed counsel
on appeal for Natasha and Timothy, respectively. The trial court signed the termination
order on April 4, 2007, making the statement of points due no later than April 19, 2007. 
No motion for new trial was filed by either parent. Natasha did file a statement of points
on June 28, 2007, well after the fifteen day deadline.

§ 263.405(b) and (i)


 While several of our sister courts have questioned the practical application and
constitutional validity of this statute and have recommended that the Legislature reconsider
the statute in light of the potentially harsh effect of its application, (4) every intermediate
appellate court in this State has agreed that the statute, as written, prohibits appellate
courts from considering points not properly preserved by the timely filing of a statement of
points. See In re J.O.A., ___S.W.3d___, No. 07-07-0042-CV, 2008 WL 495324 at *4, fn.
8 (Tex.App.-Amarillo Feb. 25, 2008, no pet. h.). Because Natasha and Timothy's issues
relating to the sufficiency of the evidence, best interest of the child, and public policy
argument were not presented to the trial court in a timely filed statement of points as
otherwise required by § 263.405(b) and (i), they were not preserved; therefore, we will
proceed to address their due process argument. They contend the procedural requirement
that a statement of points be filed within fifteen days after the trial court signed the
termination order violated their federal and state due process rights. We disagree.

Due Process Violation


 If possible, courts must interpret a statute in a manner that renders it constitutional. 
FM Properties. Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000). A party
challenging the constitutionality of a statute must establish that the statute always operates
unconstitutionally. Wilson v. Andrews, 10 S.W.3d 663, 670 (Tex. 1999). In reviewing a
facial challenge to a statute's constitutionality, we consider the statute as written, rather
than as it operates in practice. Barshop v. Medina County Underground Water
Conservation Dist., 925 S.W.2d 618, 626-27 (Tex. 1996).

 Natasha's appointed appellate counsel points out that he filed a statement of points 
within fifteen days after receiving the reporter's record, which was necessary to fully
develop a statement of points. He argues that the fifteen day period in which to file the
statement of points from the date the trial court's order was signed violated Natasha's due
process rights by "barring her from access to the court system." Counsel ignores the fact
that he was appointed twenty-seven days prior to the statement of points being due, as
well as the fact that he also served as appointed trial counsel. Regardless of when he
received the reporter's record, he should have been able to fully develop a timely
statement of points. The statute, as written, does not provide for filing a statement of
points within fifteen days of receiving the reporter's record. Such an interpretation would
defeat the expediency intended by the Legislature in enacting the statute. See In re R.J.S.,
219 S.W.3d at 626.

 Timothy's appointed appellate counsel (5) maintains that the arbitrary designation of
a date certain to file specific issues for appeal is unnecessary when the Legislature has
granted the right to appeal. He argues that the statute promotes a system of unreasonably
restricting an indigent parent's right to appeal a termination order thereby violating a
parent's due process rights. Section 263.405(i) operates equally to indigent as well as
non-indigent parents. Therefore, it does not, in and of itself, operate to restrict an indigent
parent's right to appeal a termination order.

 Additionally, counsel urges that Timothy's notice of appeal "evidences his intent to
appeal the decision of the trial court." Once again, as written, § 263.405 does not provide
that a notice of appeal (which provides no notice to the trial court) expressing
dissatisfaction with the trial court's order is sufficient to satisfy the requirement for a timely
filed statement of points.

 Under the facts of this case, a procedural requirement, i.e., a specific number of
days within which to file a document, in and of itself, did not violate Natasha or Timothy's
due process rights. Timothy's first and second issues and Natasha's two reply issues
alleging due process violations are overruled. 

Conclusion

 Having rejected Natasha and Timothy's due process arguments, we conclude that
neither Natasha nor Timothy have preserved any of their arguments based on sufficiency
of the evidence, best interest of the child, or public policy for appellate review. Natasha's
four issues raised in her original brief are overruled, and Timothy's third and fourth issues
are overruled.

 Consequently, the trial court's order terminating Natasha and Timothy's parental
rights to their child, M.D., is affirmed. 


 Patrick A. Pirtle

 Justice

1. Sitting by assignment for the Honorable Don Emerson.
2. To protect the parents' and child's privacy, we refer to the parents by their first
names and the child by his initials.  See Tex. Fam. Code Ann. § 109.002(d) (Vernon
2002).
3. Natasha filed a reply brief also contending that § 263.405(b) and (i) violates her
federal and state due process rights by requiring a statement of points to be filed within
fifteen days after the order is signed. Technically, Rule 38.3 of the Texas Rules of
Appellate Procedure does not allow an appellant to raise a new issue in a reply brief that
was not raised in the original brief. See Gray v. Woodville Health Care Center, 225 S.W.3d
613, 620 (Tex.App.-El Paso 2006, pet. denied); Howell v. Texas Workers' Compensation
Com'n, 143 S.W.3d 416, 439 (Tex.App.-Austin 2004, 2 pets. denied). However, because
Timothy challenged the statute in his original brief, in the interest of justice, we will also
review Natasha's challenge.
4. In re R.M.R., 218 S.W.3d 863, 864 (Tex.App.-Corpus Christi 2007, no pet.); Pool
v. Tex. Dep't. of Family & Protective Services, 227 S.W.3d 212, 215 (Tex.App.-Houston
[1st Dist.] 2007, no pet.); In re D.A.R., 201 S.W.3d 229, 231 (Tex.App.-Fort Worth 2006,
no pet.); In re E.A.R., 201 S.W.3d 813, 814 (Tex.App.-Waco 2006, no pet.) (Vance, J.,
concurring). 
5. The clerk's record reflects that Timothy's appointed appellate counsel also served
as his trial counsel.