NO. 07-06-0072-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 21, 2006

______________________________

GARY DALE PHELPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,680-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Pursuant to a guilty plea, appellant Gary Dale Phelps was granted deferred adjudication for forgery of a financial instrument, placed on community supervision for two years, and assessed a $1,000 fine.  Upon the State’s motion to adjudicate guilt for violations of community supervision, the trial court granted the motion and imposed punishment at two years confinement and a $1,000 fine.  Sentence was pronounced on October 5, 2005.  On February 28, 2006, appellant filed a 
pro se
 “Motion to Appeal.”  We dismiss for want of jurisdiction. 

A defendant must file a
 written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed.  Tex. R. App. P. 25.2(c) & 26.2(a)(1).  The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected.  
See
 Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant’s sentence was imposed on October 5, 2005.   No post-conviction motion was filed; thus, the deadline for filing the notice of appeal was November 4, 2005, or 15 days thereafter if accompanied by a compliant motion for extension of time.  Appellant was directed by letter from the Clerk of this Court to explain why the appeal should not be dismissed for want of jurisdiction.  Appellant filed a response expressing dissatisfaction with appointed counsel and asserting counsel had advised him an appeal would be filed. Nevertheless, the notice of appeal filed on February 28, 2006, is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.
(footnote: 1)

Don H. Reavis

    Justice

Do not publish.
æÃwhether appellant is entitled to a clerk’s record and reporter’s record, without charge to appellant;

whether appellant is entitled to appointed counsel;

whether appellant has been denied the effective assistance of counsel from the delay encountered in prosecuting this appeal; and

what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal, if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk’s and reporter’s records will be promptly filed and that the appeal will be diligently pursued.

If the court determines that appellant is indigent and has been denied the effective assistance of counsel, we order it to appoint counsel for appellant.

We further order the court to cause a supplemental clerk’s record to be developed.  The supplemental clerk’s record shall include (1) a transcription of the hearing convened to determine the issues itemized above, (2) findings of fact and conclusions of law determining the issues itemized above, and (3) all orders made in accordance with this opinion.  We order the court to cause the supplemental clerk’s record to be filed with the clerk of this court on or before February 19, 2007.  

If the trial court determines that the present attorney for appellant should be replaced, the court shall cause the clerk of this court to be furnished the name, address, and State Bar identification number of the newly-appointed attorney as soon as practicable.

Per Curiam

Do not publish.  

FOOTNOTES
1:
Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2005).