NO. 07-06-0228-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 14, 2006

______________________________

ANTONIO MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,966-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Following a plea of not guilty, appellant Antonio Mendez was convicted by a jury of  failure to comply with sex offender registration requirements pursuant to chapter 62 of the Texas Code of Criminal Procedure.  On February 9, 2006, punishment was imposed by the trial court at six years confinement.  Appellant timely filed a motion for new trial, but did not file a notice of appeal challenging his conviction until June 5, 2006.  We dismiss for want of jurisdiction.  

When a timely motion for new trial is filed, a defendant must file a
 written notice of appeal with the trial court clerk within 90 days after the date sentence is imposed.  
See
 Tex. R. App. P. 26.2(a)(2).  The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected.  
See
 Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant’s sentence was imposed on
 February 9, 2006, and the motion for new trial extended the deadline in which to file a notice of appeal to May 10, 2006.  An additional 15 days was available under Rule 26.3, further extending the deadline to May 26, 2006.  By letter dated June 13, 2006, appellant’s counsel was notified that the June 5 notice appeared untimely and directed counsel to provide an explanation by June 26, 2006.  No response was received.  The untimely notice of appeal does not invoke this Court’s jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis

     Justice

Do not publish.