NO. 07-05-0388-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 15, 2006

_____

MICHAEL S. BLAKEMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-435180; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain, appellant, Michael S. Blakemore, pled nolo contendere to insurance fraud, a state jail felony. On December 4, 2001, the trial court deferred adjudication of guilt and appellant was placed on five years of community supervision. After he pled true to multiple violations, on February 2, 2004, the court granted the State's

motion to proceed with adjudication of guilt and sentenced appellant to two years confinement, probated in favor of five years of community supervision. The court subsequently revoked appellant's community supervision on September 15, 2005, and sentenced him to one year of confinement in a state jail facility.[1] By a single point of error, appellant contends the evidence was insufficient to sustain his conviction for a state jail felony. However, the State maintains he cannot attack his conviction on direct appeal. We agree and dismiss for want of jurisdiction.

Although article 42.12, section 5(b) of the Code of Criminal Procedure permits an appeal from assessment of punishment after an adjudication of guilt, it is still necessary to timely file a notice of appeal. A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. *See* Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules of Appellate Procedure provide a fifteen-day window in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3. This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if it is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

---

[1] The September 15, 2005 judgment is identified in the record as "Judgment Adjudicating Guilt After Hearing." However, the record also contains a judgment adjudicating guilt signed April 21, 2004. We express no opinion on the validity of the September 15 judgment.

The record indicates appellant filed his notice of appeal on October 26, 2005. Therefore, appellant's intent to appeal the April 21, 2004 conviction, which he refers to as the revocation of his deferred adjudication, is untimely and does not invoke this Court's jurisdiction.[2] Appellant's point of error is overruled.

Accordingly, we dismiss the purported appeal for want of jurisdiction.

Per Curiam

Do not publish.

---

[2]Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005).