NO. 07-08-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 25, 2008

______________________________

CARL VAN JOHNSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 54,470-D; HON. DON EMERSON, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Pursuant to a plea bargain, appellant, Carl Van Johnson, was convicted of burglary of a habitation and sentenced to 20 years incarceration in the Institutional Division of the Texas Department of Criminal Justice.  Appellant filed a notice of appeal in which he requested appointment of appellate counsel.  We dismiss for want of jurisdiction.

Appellant’s sentence was imposed on January 7, 2008.  His notice of appeal
(footnote: 1) bears a file stamp date from the District Clerk of July 21, 2008.  Unless certain post-judgment motions are filed, a defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed.  Tex. R. App. P. 26.2(a).  The Texas Rules of Appellate Procedure provide for a 15-day extension in which to file a notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3.  This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if it is not timely perfected.  
See
 
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  Appellant’s notice, which was filed more than seven months after sentence was imposed, is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.
(footnote: 2)

Mackey K. Hancock

Justice

FOOTNOTES
1: Appellant’s motion for appointment of counsel expresses a desire to appeal the judgment and this Court has deemed it sufficient notice of appeal.  
See
 Tex. R. App. P. 25.2(c).

2: Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  
See
 
Tex. Code Crim. Proc. Ann
. art. 11.07 (Vernon Supp. 2007).