Dismissed and Memorandum Opinion filed August 20,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00648-CR

____________

 

DAVID JOHN GALLAGHER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
351st District Court

Harris County, Texas

Trial Court Cause No. 1161102

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to injury to the elderly. 
In accordance with the terms of a plea bargain agreement with the State, the
trial court deferred an adjudication of guilt and placed appellant on community
supervision for two years.  Subsequently, the State moved to adjudicate guilt. 
Appellant pled true to the motion to adjudicate and was sentenced on June 12,
2009, to confinement for five years in the Texas Department of Criminal
Justice, Institutional Division.  No timely motion for new trial was filed. 
Appellant=s notice of appeal was not filed until July 16, 2009.








A defendant=s notice of appeal must be filed within thirty days after
sentence is imposed when the defendant has not filed a motion for new trial.  See
Tex. R. App. P. 26.2(a)(1).  A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest the court of appeals with jurisdiction.  Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  If an appeal is not timely perfected,
a court of appeals does not obtain jurisdiction to address the merits of the
appeal.  Under those circumstances it can take no action other than to dismiss
the appeal.  Id.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

 

Panel consists of Justices
Anderson, Guzman, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).