NO. 07-10-00455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 16, 2010

STEPHEN SCOTT WHITAKER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,131-A; HONORABLE DAN L. SCHAAP, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On August 17, 2010, appellant, Stephen Scott Whitaker, was convicted of committing the offense of assault on a public servant, and sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of eight years. On September 17, 2010, appellant filed a motion for new trial with the trial court, and, on November 1, 2010, appellant filed his notice of appeal. We dismiss for want of jurisdiction.

Unless a defendant timely files a motion for new trial, a defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is

imposed. TEX. R. APP. P. 26.2(a). For a motion for new trial to be timely filed, it must be filed no later than 30 days after the date that the trial court imposed sentence in open court. TEX. R. APP. P. 21.4(a).

In the present case, appellant's motion for new trial was not filed with the trial court until the 31st day after sentence was imposed in open court. As such, the motion for new trial was not timely filed and, therefore, did not extend the time for appellant to file notice of appeal. See TEX. R. APP. P. 26.2(a). Consequently, appellant's notice of appeal was due to be filed by September 16, 2010. However, appellant's notice of appeal was not filed until November 1, 2010, which was insufficient to invoke this Court's jurisdiction over the appeal. Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010).