**Dismissed and Memorandum Opinion filed April 2, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-15-00248-CR

### JAMAL LYNNDALE BROWN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 1408908**

## M E M O R A N D U M   O P I N I O N

After a plea of true to the State's motion to adjudicate guilt, appellant was convicted of the offense of burglary of a habitation with intent to commit theft and sentenced to four years' confinement on December 9, 2014. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until March 9, 2015.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R.

App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).