**Appeals Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00655-CR
NO. 14-18-00656-CR
NO. 14-18-00659-CR

**BRODERICK RECHARD STOKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1294370, 1295639, and 1294525**

## M E M O R A N D U M   O P I N I O N

Appellant Broderick Rechard Stokes pleaded guilty to burglary of a vehicle with two or more convictions in cause number 1294370 (appeal number 14-18-00655-CR), credit/debit card abuse in cause number 1295639 (appeal number 14-18-00656-CR), and possession of a weapon by a felon in cause number 1294525 (appeal number 14-18-00659-CR). Appellant and the State agreed appellant's punishment would not exceed confinement for more than three years, ten months, and three years, respectively, with the sentences to run concurrently. On April 27, 2011, the trial court sentenced appellant in accordance with the terms of his

agreements with the State. Appellant filed a notice of appeal from each judgment on July 24, 2018.

We lack jurisdiction over these appeals for two reasons: the notices of appeal were not filed timely, and these are plea bargain cases with no appealable matters and appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notices of appeal were filed more than seven years after the sentences were imposed. Therefore, the appeals were not timely perfected.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishments do not exceed the agreed lengths of confinement. The records do not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeals.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).