**Appeal Dismissed and Memorandum Opinion filed January 28, 2020.**



**In The**

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-19-00863-CR

**ERIK GONZALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1407507**

## M E M O R A N D U M   O P I N I O N

Appellant Erik Gonzales pleaded guilty to assault of a family member, second offense, by impeding breathing. On January 2, 2014, in accordance with the terms of an agreement between appellant and the State, the trial court sentenced appellant to four years' imprisonment. The trial court certified that this was a plea-bargain case and appellant has no right of appeal. Tex. R. App. P. 25.2(a)(2). Appellant filed a notice of appeal on October 22, 2019.

A defendant's notice of appeal must be filed within 30 days after sentence is

imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Appellant's notice of appeal was filed more than thirty days after sentence was imposed.

On November 21, 2019, notification was transmitted to all parties of the court's intention to dismiss the appeal for lack of jurisdiction unless, within 30 days, any party showed that the court has jurisdiction. No response was filed.

We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).