

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00454-CR

_____

CAMERON MARQUETTE LEWIS, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1844584

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Cameron Marquette Lewis, acting pro se, attempts to appeal his conviction for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04.

Pursuant to a plea bargain, Lewis's sentence was imposed on May 16, 2025. He did not file a motion for new trial, making his notice of appeal due by June 16, 2025. *See* Tex. R. App. P. 26.2(a) (requiring that a notice of appeal be filed within 30 days after the sentence is imposed or 90 days after the sentence is imposed if the defendant files a motion for new trial). However, Lewis did not file his notice of appeal until December 2, 2025, making it untimely. *See* Tex. R. App. P. 26.2(a)(1).

On December 3, 2025, we notified Lewis by letter of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely. We informed him that unless he filed a response by December 15, 2025, showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. In response, Lewis filed a motion for extension, *see* Tex. R. App. P. 26.3 (permitting an appellate court to extend the time to file a notice of appeal if, *within 15 days after the deadline for filing the notice of appeal*, the party files the notice of appeal in the trial court and an extension motion in the appellate court), but his extension motion was likewise untimely and did not cure the untimeliness of his notice of appeal, *see* Tex. R. App. P. 26.2(a)(1).

Because Lewis's appeal was untimely, and because a timely notice of appeal is an essential component of our jurisdiction, we dismiss this appeal for want of

jurisdiction.[1]  *See* Tex. R. App. P. 26.2(a), 43.2(f); *Slaton v. State*, 981 S.W.2d 208, 210

(Tex. Crim. App. 1998).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 15, 2026

---

[1]Even if Lewis's notice of appeal had been timely, we still would not have jurisdiction over this appeal because he entered into a plea bargain with the State. *See* Tex. R. App. P. 25.2(d).  The signed plea admonishments memorialize the plea bargain, and trial court's certification states that this "is a plea-bargain case, and the defendant has NO right of appeal."