NO. 07-05-0208-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 22, 2005

_____

CURTIS BERNARD ROBBINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,315-D; HONORABLE DON EMERSON, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, a jury convicted appellant Curtis Bernard Robbins of improper photography or visual recording and assessed punishment at two years in a state jail facility. Tex. Pen. Code Ann. § 21.15(b) (Vernon 2003). Sentence was imposed on

March 9, 2005, and no motion for new trial was filed. On June 7, 2005, appellant filed a notice of appeal challenging his conviction. We dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant's sentence was imposed on March 9, 2005; thus, the deadline for filing the notice of appeal was April 8, 2005, or 15 days thereafter if accompanied by a compliant motion for extension of time. The notice of appeal filed on June 7, 2005, is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]

> Don H. Reavis
> Justice

Do not publish.

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).