lee, elmer edward v. state 







                     NO. 12-06-00010-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ALFONZO BLACK,                                           §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This appeal is being dismissed for want of jurisdiction. Appellant was convicted of
possession of a controlled substance, and sentence was imposed on October 14, 2004. Appellant
filed a motion for out of time appeal and leave to file appeal in the trial court on August 8, 2005. 
Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal
is filed within thirty days after the date sentence is imposed or suspended in open court unless a
motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new trial
has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or
suspended in open court. Tex. R. App. P. 26.2(a)(2). Since Appellant did not file a motion for new
trial, his notice of appeal was due to have been filed on or before November 15, 2004. However,
Appellant filed his notice of appeal on August 8, 2005. Moreover, Appellant did not file a timely
motion for extension of time to file his notice of appeal as authorized by Texas Rule of Appellate
Procedure 26.3. 
            Appellant’s notice of appeal was received by this Court on January 11, 2006. On that same
date, this Court notified Appellant, pursuant to Rules 26.2 and 37.2, that the clerk’s record did not
show the jurisdiction of this Court, and it gave him until January 23, 2006 to correct the defect. 
Appellant has neither responded to our January 11 notice nor otherwise shown the jurisdiction of this
court. Because this Court has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeal must be dismissed. See Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998). Accordingly, the appeal is dismissed for want of jurisdiction.
Opinion delivered January 25, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



























(DO NOT PUBLISH)