lee, elmer edward v. state 












                NO. 12-06-00149-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

TRAVIS
WADE JOHNSON,           §          APPEAL FROM THE 402ND

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          WOOD
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM








            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
aggravated assault causing serious bodily injury to a family member.  Sentence was imposed on August 5, 2004.  Texas Rule of Appellate Procedure 26.2
provides that an appeal is perfected when notice of appeal is filed within
thirty days after the day sentence is imposed or suspended in open court unless
a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a timely motion for new trial has been
filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Since Appellant did not file a motion for new
trial, his notice of appeal was due to have been filed on or before September
4, 2004.  Appellant’s notice of appeal
was not filed until May 3, 2006. 
Moreover, Appellant did not file a timely motion for extension of time
to file his notice of appeal as authorized by Texas Rule of Appellate Procedure
26.3.  








            On May 3, 2006, this Court notified Appellant, pursuant
to Rule 26.2 and 37.2, that the clerk’s record did not show the jurisdiction of
this Court, and it gave him until May 15, 2006 to correct the defect.  However, Appellant has neither responded to
our May 3 notice or otherwise shown the jurisdiction of this Court.  Because this Court has no authority to allow
the late filing of a notice of appeal except as provided by Rule 26.3, the
appeal must be dismissed.  See Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  

            The appeal is dismissed for want of jurisdiction.  

Opinion
delivered May 17, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 

[1] 













 [1]J.11         DISMISSED FOR WANT OF JURISDICTION -
Vanilla