NO. 07-06-0228-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 14, 2006



______________________________




ANTONIO MENDEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,966-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Antonio Mendez was convicted by a jury of 
failure to comply with sex offender registration requirements pursuant to chapter 62 of the
Texas Code of Criminal Procedure. On February 9, 2006, punishment was imposed by the
trial court at six years confinement. Appellant timely filed a motion for new trial, but did not
file a notice of appeal challenging his conviction until June 5, 2006. We dismiss for want
of jurisdiction. 

 When a timely motion for new trial is filed, a defendant must file a written notice of
appeal with the trial court clerk within 90 days after the date sentence is imposed. See Tex.
R. App. P. 26.2(a)(2). The Rules of Appellate Procedure provide for a 15-day extension in
which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex.
R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an
appeal and can take no action other than to dismiss if an appeal is not timely perfected. 
See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

 Appellant's sentence was imposed on February 9, 2006, and the motion for new trial
extended the deadline in which to file a notice of appeal to May 10, 2006. An additional
15 days was available under Rule 26.3, further extending the deadline to May 26, 2006. 
By letter dated June 13, 2006, appellant's counsel was notified that the June 5 notice
appeared untimely and directed counsel to provide an explanation by June 26, 2006. No
response was received. The untimely notice of appeal does not invoke this Court's
jurisdiction.

 Accordingly, the purported appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice

Do not publish.



style="font-family: 'Arial', sans-serif">          After a careful examination of the clerk’s record in this cause, we are unable to
determine the date sentence was imposed in open court. The Judgment indicates that
appellant was sentenced on June 8, 2008. Appellant’s notice of appeal is dated July 29,
2008. Based on the date of sentencing identified in the Judgment, appellant’s notice of
appeal was untimely filed. However, the clerk’s record also contains a copy of the trial
court’s docket, which states that the case was called and heard on July 8, 2008. Further,
there are two interlineations contained in the Judgment that change a pre-printed June 8
date to July 8. Because the date sentence is imposed in open court is essential in
determining the time in which an appeal may be perfected, see Tex. R. App. P. 26.2(a), we
abate and remand the cause to the 106th District Court of Garza County for a determination
of the appropriate sentencing date. See Flores v. State, No. 07-06-0349-CR, 2006
Tex.App. LEXIS 9081, at *1-*2 (Tex.App.–Amarillo 2006, no pet.). 
          Upon remand, the trial court shall determine the date that sentence was imposed
in open court in this cause. The trial court shall also cause to be developed a
supplemental clerk’s record containing a finding of fact identifying the date upon which
appellant’s sentence was imposed in open court. The trial court shall cause the
supplemental clerk’s record to be filed with the clerk of this court on or before September
12, 2008. Should additional time be needed to perform these tasks, the trial court may
request same on or before September 12, 2008.
          It is so ordered.
                                                                                      Per Curiam
 
Do not publish.