Dismissed and Memorandum Opinion filed July 27, 2006








Dismissed
and Memorandum Opinion filed July 27, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00595-CR

NO. 14-06-00596-CR

____________

 

FELIX C. GARZA, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal
Court at Law No. 4

Harris County, Texas

County Court Cause Nos. 5462
& 5463

 



 

M E M O R A N D U M   O P I N I O N








After a
jury trial in municipal court, on July 28, 2005, appellant was convicted of Afailure to stop B stop line@ in cause number M0015913-4-1, and
assessed a fine in the amount of $200, and of Afailure to signal changing lanes@ in cause number M0015913-4-2, and
assessed a fine of $50.[1]  On September
6, 2005, the municipal court denied appellant's motion for new trial. 
Appellant then appealed to the County Criminal Court at Law.  See Tex. Gov=t Code Ann ' 30.00014(a) (Vernon 2004).  By
orders signed February 21, 2006, the county court affirmed the municipal court=s judgments.  Appellant did not file
his notices of appeal from the county court=s judgments until more than thirty
days later, on July 7, 2006.      First, we have no jurisdiction over the
appeal from municipal court cause number M0015913-4-2, appealed to the County
Court at Law No. 4 under cause number 5463, because the fine assessed is less
than $100.  See Tex. Gov=t Code Ann. ' 30.00027(a) (Vernon 2004) (granting the right to appeal to
the court of appeals if the fine assessed exceeds $100).  Secondly, we have no
jurisdiction over either appeal because the notices of appeal were not filed
timely.  A defendant=s notice of appeal must be filed within thirty days after the
lower court enters an appealable order.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal which
complies with the requirements of Rule 26 is essential to vest the court of
appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998).  If an appeal is not timely perfected, a court of appeals
does not obtain jurisdiction to address the merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

Accordingly,
the appeals are ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed July
27, 2006.

Panel consists of Chief Justice Hedges and Justices
Yates and Guzman.

Do Not Publish C Tex. R. App. P.
47.2(b).

 









[1]   Trial was held in both cause numbers in the City of
Houston Municipal Court No. 1, a municipal court of record.  See Tex. Gov=t Code Ann. ' 30.00003
(Vernon 2004).