NO. 07-06-0330-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2006

_____


LEMUEL MATTHEW SHELTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14964-0305; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**


Appellant Lemuel Matthew Shelton was convicted of driving while intoxicated and sentenced to five years confinement and a $2,500 fine, suspended in favor of community supervision. On February 6, 2006, the trial court granted the State's motion to revoke community supervision and imposed the original sentence. On July 27, 2006, appellant

filed a pro se document indicating he had expressed to his appointed counsel, Laurie Key, an intent to appeal the judgment revoking community supervision. He maintains an appeal bond of $20,000 was posted and that he was later arrested for failing to prosecute the appeal. The Hale County District Clerk confirmed by letter that an appeal bond had been posted on February 6, 2006. The District Clerk also noted that on April 4, 2006, appellant was in her office and had expressed an intent to appeal his revocation, but did not file any documents. We dismiss for want of jurisdiction.

A defendant must file a written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed. *See* Tex. R. App. P. 25.2(c) & 26.2(a)(1). The Texas Rules of Appellate Procedure provide a fifteen-day window in which to file the notice of appeal if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3. This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal if it is not timely perfected. *See* Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998). Appellant's intent to appeal expressed in the document filed on July 27, 2006, is untimely and does not invoke this Court's jurisdiction.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005). *See also* Ex parte Axel, 757 S.W.2d 369, 374 (Tex.Cr.App. 1988) (holding that counsel has a duty to perfect an appeal whether appointed or retained).

Accordingly, we dismiss the purported appeal for want of jurisdiction.


Don H. Reavis
Justice


Do not publish.