lee, elmer edward v. state 









                                                NO.
12-07-00128-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

JACQUELINE K. PRICE,   §                      APPEAL
FROM THE 392ND

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                    
                       

MEMORANDUM OPINION

PER CURIAM

            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
aggravated assault of a peace officer. 
Sentence was imposed on March 7, 2005. 


            Texas Rule of Appellate Procedure 26.2 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new
trial is timely filed.  Where a timely motion
for new trial has been filed, notice of appeal shall be filed within ninety
days after the sentence is imposed or suspended in open court.  Id. 
Appellant did not timely file a motion for new trial.[1]  Therefore, her notice of appeal was due to
have been filed on or before April 6, 2005. 
However, Appellant did not file her notice of appeal until April 2,
2007.  Nor did Appellant timely file a motion
for extension of time to file her notice of appeal as permitted by Texas Rule
of Appellate Procedure 26.3.








     On April 3, 2007,
this court notified Appellant, pursuant to Rules 26.2 and 37.2, that the clerk’s
record did not show the jurisdiction of this court, and it gave her until April
13, 2007 to correct the defect.  On April
12, 2007, Appellant filed a motion for extension of time to file her notice of
appeal, explaining that she had instructed her attorney to file an appeal, but
the attorney did not do so.  However,
Appellant did not furnish information showing the jurisdiction of this
court.    The
court of criminal appeals has exclusive jurisdiction in a felony case to grant
an out of time appeal.  See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005).  Because this court
has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeal must be dismissed.  See Slaton v. State, 981 S.W.2d
208, 210 (Tex. Crim. App. 1998). 
Accordingly, Appellant’s motion for extension of time is overruled and
the appeal is dismissed for want of jurisdiction.

            Opinion delivered May 9, 2007.

            Panel consisted of Worthen, C.J., Griffith, J., and Hoyle,
J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                    

(DO NOT
PUBLISH)











     [1] Appellant filed a motion for new trial
on April 5, 2006.  In a criminal case, a
motion for new trial must be filed not later than thirty days after the
imposition of sentence.  Tex. R. App. P. 21.4(a).  Appellant filed her motion for new trial more
than one year after the trial court imposed sentence.  Therefore, her motion for new trial was
untimely and did not extend the appellate deadlines.