lee, elmer edward v. state 









                                        NO. 12-07-00296-CR

NO. 12-07-00297-CR

NO. 12-07-00298-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

JAVIER
VEGA,        §          APPEALS FROM THE 114TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            These appeals are being dismissed for want of
jurisdiction.  In three separate cause
numbers, Appellant was convicted of driving while intoxicated, obstruction or
retaliation, and escape while arrested or confined for a felony.  Sentence was imposed on June 25, 2007.

            Texas Rule of Appellate Procedure 26.2 provides that an appeal
is perfected when notice of appeal is filed within thirty days after the day
sentence is imposed or suspended in open court unless a motion for new trial is
timely filed.  Where a timely motion for
new trial has been filed, notice of appeal shall be filed within ninety days
after the sentence is imposed or suspended in open court.  Id. 
Appellant did not file a motion for new trial.  Therefore, his notice of appeal was due to
have been filed on or before July 25, 2007. 
However, Appellant did not file his notice of appeal until August 10,
2007, and did not file a motion for extension of time to file his notice of
appeal as permitted by Texas Rule of Appellate Procedure 26.3.








            On August 14, 2007, this court notified Appellant,
pursuant to Rules 26.2 and 37.2, that the clerk’s record did not show the
jurisdiction of this court, and it gave him until August 24, 2007 to correct
the defect.  The deadline has now passed,
and Appellant did not furnish information showing the jurisdiction of this
court or otherwise respond to this court’s notice.             

            Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeals must
be dismissed.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, the appeals are dismissed for want of jurisdiction.  

Opinion
delivered August 31, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)