NO. 07-07-0386-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 7, 2008

______________________________

JOEY NICKOLAS VALLEJO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18022-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ON MOTION TO DISMISS

Pending before the Court is appellant’s motion to dismiss his appeal.  Appellant and his attorney both have signed the motion.  Tex. R. App. P. 42.2(a).  No decision of this Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained and our mandate will issue forthwith.

James T. Campbell

          Justice

Do not publish.
to a guilty plea, appellant Gary Dale Phelps was granted deferred adjudication for forgery of a financial instrument, placed on community supervision for two years, and assessed a $1,000 fine.  Upon the State’s motion to adjudicate guilt for violations of community supervision, the trial court granted the motion and imposed punishment at two years confinement and a $1,000 fine.  Sentence was pronounced on October 5, 2005.  On February 28, 2006, appellant filed a 
pro se
 “Motion to Appeal.”  We dismiss for want of jurisdiction. 

A defendant must file a
 written notice of appeal with the trial court clerk within 30 days after the date sentence is imposed.  Tex. R. App. P. 25.2(c) & 26.2(a)(1).  The Rules of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal if it is accompanied by a motion for extension of time.  Tex. R. App. P. 26.3 & 10.5(b)(2). This Court is without jurisdiction to address the merits of an appeal and can take no action other than to dismiss if an appeal is not timely perfected.  
See
 Slaton v. State, 981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

Appellant’s sentence was imposed on October 5, 2005.   No post-conviction motion was filed; thus, the deadline for filing the notice of appeal was November 4, 2005, or 15 days thereafter if accompanied by a compliant motion for extension of time.  Appellant was directed by letter from the Clerk of this Court to explain why the appeal should not be dismissed for want of jurisdiction.  Appellant filed a response expressing dissatisfaction with appointed counsel and asserting counsel had advised him an appeal would be filed. Nevertheless, the notice of appeal filed on February 28, 2006, is untimely and does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.
(footnote: 1)

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1: