lee, elmer edward v. state 









                                        NO. 12-08-00092-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

MARVIN
TONY BURRIS,   §          APPEAL FROM THE 7TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §          SMITH
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of
jurisdiction.  Appellant was convicted of
criminal nonsupport.  Sentence was
imposed on November 15, 2007.

            Texas Rule of Appellate Procedure 26.2 provides that an
appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court unless a motion for new
trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  Where a timely motion for new trial has been
filed, notice of appeal shall be filed within ninety days after the sentence is
imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  Appellant did not file a motion for new
trial.  Therefore, his notice of appeal
was due to have been filed on or before December 17, 2007.  However, Appellant did not file his notice of
appeal until February 25, 2008 and did not file a motion for extension of time to
file his notice of appeal as permitted by Texas Rule of Appellate Procedure
26.3.

            On February 28, 2008, this court notified Appellant,
pursuant to Rules 26.2 and 37.2, that the clerk’s record did not show the
jurisdiction of this court, and it gave him until March 10, 2008 to correct the
defect.  However, Appellant has neither
shown the jurisdiction of this court or otherwise responded to its February 28,
2008 notice.








 

            Because this court has no authority to allow the late
filing of a notice of appeal except as provided by Rule 26.3, the appeal must
be dismissed.  See Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Accordingly, the appeal is dismissed for want of jurisdiction.  

Opinion
delivered March 19, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)