NO. 07-08-0256-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 12, 2008

______________________________

AMADO FLORES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 287
th
 DISTRICT COURT OF BAILEY COUNTY;

NO. 2202; HON. GORDON HOUSTON GREEN, PRESIDING

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On Motion to Dismiss

Appellant, Amado Flores, filed a 
pro se
 Notice of Appeal to appeal a judgment of revocation and sentence entered against him in the 287
th
 District Court of Bailey County, Texas.  However, appellant has now filed a motion to dismiss his appeal.

Because the motion meets the requirements of Texas Rule of Appellate Procedure 42.2(a)
(footnote: 1) and this Court has not delivered its decision prior to receiving it, the motion is hereby granted and the appeal is dismissed.  Having dismissed the appeal at appellant’s request, no motion for rehearing will be entertained and our mandate will issue.

Mackey K. Hancock

 Justice

Do not publish.ain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 

From the docketing statement, it would appear sentence was imposed on May 4, 2009.  Appellant was required to give notice of appeal within 30 days after the day sentence was imposed or within 90 days after the day sentence was imposed if appellant filed a motion for new trial.  
Tex. R. App. P.
 26.2(a).   There is no indication that appellant filed a motion for new trial, making appellant’s notice of appeal due on or before June 3.  Appellant filed his notice of appeal on June 30.  Appellant’s failure to file a timely notice of appeal prevents this court from having jurisdiction over his appeal.  
Slaton
, 981 S.W.2d at 210.  Consequently, the appeal is dismissed for want of jurisdiction.
(footnote: 1) 

Mackey K. Hancock

Justice

Do not publish. 

FOOTNOTES
1: We note that appellant’s attorney has not signed the motion, as required by Rule 42.2(a).  However, as appellant filed his Notice of Appeal 
pro se
 and has made no request for the appointment of counsel, we conclude that this motion complies with the requirements of Rule 42.2(a).

1: