NO. 07-10-00455-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
16, 2010

 



 

STEPHEN SCOTT WHITAKER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,131-A; HONORABLE DAN L. SCHAAP, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

On
August 17, 2010, appellant, Stephen Scott Whitaker, was convicted of committing
the offense of assault on a public servant, and sentenced to incarceration in
the Texas Department of Criminal Justice, Institutional Division, for a period
of eight years.  On September 17, 2010,
appellant filed a motion for new trial with the trial court, and, on November
1, 2010, appellant filed his notice of appeal. 
We dismiss for want of jurisdiction.

Unless a
defendant timely files a motion for new trial, a defendant must file a written
notice of appeal with the trial court clerk within 30 days after the date
sentence is imposed.  Tex. R. App. P. 26.2(a).  For a motion for new trial to be timely
filed, it must be filed no later than 30 days after the date that the trial
court imposed sentence in open court.  Tex. R. App. P. 21.4(a).  

In the
present case, appellant’s motion for new trial was not filed with the trial
court until the 31st day after sentence was imposed in open
court.  As such, the motion for new trial
was not timely filed and, therefore, did not extend the time for appellant to
file notice of appeal.  See Tex. R. App. P. 26.2(a).  Consequently, appellant’s notice of appeal
was due to be filed by September 16, 2010. 
However, appellant’s notice of appeal was not filed until November 1,
2010, which was insufficient to invoke this Court’s jurisdiction over the
appeal.  Because this Court is without
jurisdiction to address the merits of this appeal, we have no authority to take
any action other than to dismiss the appeal. 
See Slaton v. State, 981 S.W.2d 208,
210 (Tex.Crim.App. 1998).

Accordingly,
the purported appeal is dismissed for want of jurisdiction.[1]

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do
not publish.











[1]
Appellant may have recourse by
filing a post-conviction writ of habeas corpus returnable to the Texas Court of
Criminal Appeals for consideration of an out-of-time appeal.  See Tex.
Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2010).