NO. 07-12-00425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 18, 2012

ATZIRI ARIT MURGADO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 8614; HONORABLE STEVEN RAY EMMERT, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Atziri Arit Murgado, filed a notice of appeal on September 27, 2012, challenging her adjudication of guilt of the offense of aggravated sexual assault of a child, and sentence of 35 years of incarceration in the Institutional Division of the Texas Department of Criminal Justice. According to the record, appellant was adjudicated and sentenced in open court on July 19, 2012. We dismiss the appeal for want of jurisdiction.

In a criminal case in which no motion for new trial is filed, the notice of appeal must be filed within 30 days after the date sentence is imposed in open court. Tex. R. App. P. 26.2(a). The time within which to file the notice may be enlarged if, within 15 days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.3.

Under these rules, appellant's notice of appeal was due to be filed on August 20, 2012.  By letter dated October 9, this Court notified appellant that her notice of appeal appeared to have been untimely filed. That letter provided appellant an opportunity to explain how we have jurisdiction over the appeal. In response, appellant has filed a motion to expedite dismissal of the appeal and issuance of our mandate, agreeing her notice of appeal was untimely filed and indicating her desire to seek an out-of-time appeal.

A notice of appeal which complies with the Texas Rules of Appellate Procedure is essential to vest this Court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, this Court does not obtain jurisdiction to address the merits of the appeal, and can take no action other than to dismiss the appeal. *Id.* at 210.

Consequently, the appeal is dismissed for want of jurisdiction.  Appellant's motion to expedite issuance of our mandate is granted.  Tex. R. App. P. 18.1(c).

James T. Campbell
Justice

Do not publish.

2