

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-13-00166-CR
04-13-00167-CR
04-13-00168-CR
04-13-00169-CR

Adrian **CALVILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2012CR2999, 2012CR3000, 2012CR3001, & 2012CR3002
Honorable Philip A. Kazen, Jr., Judge Presiding

PER CURIAM

Sitting:      Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: May 22, 2013

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in each of these cases on February 11, 2013. Appellant did not file any motions for new trial. Because appellant did not file timely motions for new trial, the deadline for filing the notices of appeal was March 13, 2013. TEX. R. APP. P. 26.2(a)(1). We reviewed the clerk's record in each of these cases and it does not appear a notice of appeal was ever filed with regard to any of the four judgments.

Accordingly, on March 27, 2013, we ordered appellant to show cause in writing why these appeals should not be dismissed for want of jurisdiction. Appellant's response to this order was due on or before April 29, 2013. We advised appellant that if he failed to satisfactorily respond within the time provided, the appeals would be dismissed. No response was filed.

To invoke the jurisdiction of the appellate court, a party seeking to appeal must give timely and proper notice of appeal. *White v. State*, 61 S.W.2d 424, 428 (Tex. Crim. App. 2001). A notice of appeal that complies with the requirements of Rule 26 of the Texas Rules of Appellate Procedures is essential to vest the courts of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *Id.*

Appellant failed to give timely and proper notice of appeal by filing notices of appeal in compliance with Rule 26. Accordingly, we dismiss these appeals for want of jurisdiction.

PER CURIAM

Do Not Publish