**Dismissed and Memorandum Opinion filed May 8, 2014.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-14-00326-CR

### DIAMOND RENEE GUILLORY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1280013**

## M E M O R A N D U M    O P I N I O N

On October 18, 2010, the trial court signed an order of deferred adjudication on appellant's guilty plea to the offense of aggravated assault of a family member. The State subsequently filed a motion to adjudicate appellant's guilt, and on March 7, 2014, the trial court adjudicated appellant's guilt and sentenced appellant to confinement for four years in the Institutional Division of the Texas Department of

Criminal Justice. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until April 16, 2014.

A defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal which complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).