**Dismissed and Memorandum Opinion filed August 16, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00592-CR

**GREGORY HICKMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1235748**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to the offense of burglary of a habitation. The trial court deferred adjudication of guilt and sentenced appellant on February 9, 2009, to three years' deferred adjudication community supervision. The State subsequently filed a motion to adjudicate appellant's guilt. In accordance with a plea bargain agreement with the State, the trial court sentenced appellant on May 26, 2011, to two years' confinement in the Institutional Division of the Texas

Department of Criminal Justice. Appellant's notice of appeal was not filed until July 13, 2016.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).