**DISMISSED; Opinion Filed February 6, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01493-CR

## OMAR CHAPARRO IGLESIAS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. MB14-30290-E**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Myers

A jury convicted Omar Chaparro Iglesias of driving while intoxicated, and the trial court assessed punishment at 120 days confinement, probated for sixteen months, and a $500 fine.[1] Appellant filed timely motions for new trial on July 20, 2016 and July 22, 2016 and an untimely motion for new trial on September 29, 2016. *See* TEX. R. APP. P. 21.4 (setting time limits for filing motion for new trial). On July 28, 2016, the trial court denied without a hearing both the timely motions for new trial. The untimely motion for new trial was deemed denied when the trial court failed to rule on it within the allowed time period. *See* TEX. R. APP. P. 21.8(a), (c)

---

[1] The trial court's judgment is dated July 22, 2016. In findings of fact, however, the trial court stated that appellant's amended motion for new trial filed on September 29, 2016 was filed seventy days after sentence was imposed which would have made the sentencing date July 21, 2016. The discrepancy in the date of sentencing is immaterial for our purposes.

(providing motion for new trial deemed denied if trial court does not rule on it within seventy-five days of sentencing). Appellant filed his notice of appeal on December 20, 2016. We conclude appellant's notice of appeal is untimely and does not confer jurisdiction on the Court.

A notice of appeal must be filed within thirty days after the date of sentencing or, if the defendant timely files a motion for new trial, within ninety days after the date of sentencing. TEX. R. APP. P. 26.2(a). The time to file the notice of appeal may be extended if the defendant files, within fifteen days of the expiration of the time to file a notice of appeal, both the notice of appeal and a timely motion to extend time. *Id*. at 26.3. If the defendant does not file a timely notice of appeal in accordance with the requirements of rule 26, this Court has no jurisdiction and may take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because appellant filed a timely motion for new trial, the time to file a notice of appeal was extended until ninety days after sentencing—a date that expired no later than October 20, 2016. *See* TEX. R. APP. P. 26.2(a)(2). Therefore, appellant's December 20, 2016 notice of appeal came too late to confer jurisdiction on this Court to consider the merits of this appeal. *See id*.; *Slaton*, 981 S.W.2d at 210.

We dismiss the appeal for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
161493F.U05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

OMAR CHAPARRO IGLESIAS, Appellant

No. 05-16-01493-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 4, Dallas County, Texas
Trial Court Cause No. MB14-30290-E.
Opinion delivered by Justice Myers. Justices Lang-Miers and Boatright participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 6th day of February, 2017.