**Appeal Dismissed and Memorandum Opinion filed July 10, 2018.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00492-CR

**COURTNEY LEE HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1520060**

## M E M O R A N D U M   O P I N I O N

After a plea of guilty, adjudication of guilt was deferred and appellant was placed on community supervision on April 21, 2017. No timely motion for new trial was filed. Appellant's notice of appeal was not filed until February 13, 2018.[1]

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App.

---

[1] Appellant's notice of appeal indicates it was signed January 17, 2018. Even if we were to utilize this date as the date of filing, the notice of appeal would be untimely.

P. 26.2(a)(1). A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Accordingly, the appeal is dismissed.

PER CURIAM

Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).