**Appeal Dismissed and Memorandum Opinion filed September 27, 2018.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00815-CR

**DAVID  LORENZA  JOYNER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 46370**

## M E M O R A N D U M   O P I N I O N

Appellant David Lorenza Joyner pleaded guilty in 2004 to sexual assault. On March 12, 2004, the trial court sentenced appellant to five years' imprisonment in accordance with the terms of a plea-bargain agreement between appellant and the State. Appellant filed a notice of appeal on September 14, 2018.

We lack jurisdiction over this appeal for two reasons: the notice of appeal was not filed timely, and this is a plea bargain case with no appealable matters and appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed more than fourteen years after sentence was imposed. Therefore, the appeal was not timely perfected, and we lack jurisdiction.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishment does not exceed the agreed length of confinement. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeal.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).