**Appeal Dismissed and Memorandum Opinion filed January 23, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00014-CR
### NO. 14-20-00015-CR

**BRANDON GAINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1496079 and 1496081**

## M E M O R A N D U M    O P I N I O N

Appellant Brandon Gaines was convicted of unauthorized use of a vehicle and aggravated sexual assault and evading arrest or detention with a previous conviction. He was sentenced for each conviction on January 25, 2016. Appellant filed a notice of appeal from each judgment of conviction on December 18, 2019.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App.

P. 26.2(a)(1). A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Appellant's notice of appeal in each case was filed more than 30 days after sentence was imposed.

We dismiss the appeals for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.

Do Not Publish — Tex. R. App. P. 47.2(b).